STATE OF LOUISIANA *v.* J. Q. A. FELLOWES.

An attorney-at-law may be taxed as well as persons pursuing any other employment.

APPEAL from the Second Justice's Court, *Bradford*, J.
J. Q. A. *Fellowes*, *in propria persona*, appellant.

MERRICK, C. J. This case presents the same questions as the case of the *State* v. *Waples*, just decided.

It also presents the further objection to a recovery by the State, viz: that the claim as a tax is not applicable to the defendant, who, being an attorney, is an officer of the State, and not subject to taxation for exercising the duties of his office.

We know no reason why attorneys-at-law may not be taxed if such be the pleasure of the Legislature, as well as persons pursuing any other employment.

For this, and the reasons given in the case of the *State* v. *Waples*, the judgment appealed from must be affirmed.

Judgment affirmed.

---

JAMES CARL *v.* PETER POELMAN et al.

Under the ruling of the court in the case of *Walworth* v. *Ballard*, 12 An., in an action to render a party liable for a debt due by an estate, on the charge that he had taken possession of the property of the estate without authority, and with the view of appropriating the proceeds to his own use, no recovery can be had without proof of a previous conviction under the penal laws of the State.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Coxe & Breaux*, for plaintiff and appellant. *Race & Foster*, for defendants.

LEA, J. The plaintiff alleges that the late *Peter Ritter* died indebted to him in the sum of $714 67, and that the defendants have become liable to pay this debt, as intermeddlers in the affairs of the succession of said *Ritter*, "they having taken possession of his estate, consisting of personal property, and sold and disposed of the same without due and legal authority, with a view to appropriate the proceeds of the same to their own use and benefit." No other cause of action is alleged against the defendants, they are sued merely as intermeddlers.

To this petition the defendant *Poelman* excepted, on the ground that he could not be held liable as charged and demanded, until after due conviction under the penal laws of the State. Under the ruling of this court in the case of *Walworth* v. *Ballard*, recently decided, this defence must prevail; and though not urged by way of exception, on the part of *Mrs. Ritter*, it is, nevertheless, a necessary part of the plaintiff's case to prove such previous conviction, and without such proof no recovery can be had against either of the defendants. See Act of 1820, 96; Greiner's Digest, No. 3548, also Act of 1855, 400, sec. 9.

Judgment affirmed.